# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### (MIAMI DIVISION)

Civil Action No. 18-22377-Civ-Scola

**COMMODITY FUTURES TRADING COMMISSION,**

      **Plaintiff,**

      **v.**

**OMEGA KNIGHT 2, LLC,
AVIV MICHAEL HEN, and
EREZ HEN,**

      **Defendants.**

---

**PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR AN ORDER OF
DEFAULT FINAL JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY
PENALTY, AND OTHER EQUITABLE RELIEF AGAINST
DEFENDANTS OMEGA KNIGHT 2, LLC AND AVIV MICHAEL HEN**

_s/ Kassra Goudarzi_
Kassra Goudarzi (FL Special Bar #A5502136)
A. Daniel Ullman II (FL Special Bar #A5502417)
Jason T. Wright (FL Special Bar #A5502420)
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, DC 20581
Tel:  (202) 418-5000
Fax:  (202) 418-5937
kgoudarzi@cftc.gov
dullman@cftc.gov
j_wright@cftc.gov

**ATTORNEYS FOR PLAINTIFF
COMMODITY FUTURES TRADING
COMMISSION**

# <u>TABLE OF CONTENTS</u>

I.   BACKGROUND ............................................................................................................ 1

II.  ARGUMENT .............................................................................................................. 2

   A.   Omega Knight and Aviv Hen's Failure to Answer Warrants Entry of  Default
        Final Judgment .................................................................................................. 2

   B.   Jurisdiction and Venue ...................................................................................... 3

   C.   The Well-Pleaded Facts of the Complaint Establish that Omega Knight and
        Aviv Hen Violated the Commodity Exchange Act ............................................ 4

        1.   Omega Knight and Aviv Hen Violated Section 4(a) of the Act,
             7 U.S.C. § 6(a) (2012) (Count III):  Illegal Off-Exchange
             Transactions ............................................................................................. 4

        2.   Omega Knight and Aviv Hen Violated Section 6(c)(1) of the Act,
             7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a)
             (2018) (Count I):  Fraud in Connection with Sales of Commodities
             in Interstate Commerce ............................................................................ 5

        3.   Omega Knight and Aviv Hen Violated 4b(a)(2)(A)-(C) of the Act,
             7 U.S.C. § 6b(a)(2)(A)-(C) (2012) (Count II):  Fraud in Connection
             With Illegal Off-Exchange Transactions .................................................. 10

        4.   Omega Knight Violated Section 4d(a)(1) of the Act,
             7 U.S.C. § 6d(a)(1) (2012) (Count IV):  Failure to Register as a
             Futures Commission Merchant ................................................................. 12

        5.   Aviv Hen Is Liable for Omega Knight's Violations ................................... 12

        6.   Omega Knight Is Liable for Its Agents' Violations ................................... 14

III. RELIEF REQUESTED ............................................................................................. 15

   A.   The Complaint's Well-Pleaded Allegations Warrant Entry of a
        Permanent Injunction Against Omega Knight and Aviv Hen ............................ 15

   B.   The Complaint's Well-Pleaded Allegations Warrant Imposition of
        Disgorgement and a Civil Monetary Penalty Against Omega Knight and
        Aviv Hen ........................................................................................................... 18

        1.   The Complaint's Well-Pleaded Allegations Warrant Ordering
             Disgorgement Against Omega Knight and Aviv Hen ................................ 18

        2.   The Complaint's Allegations Warrant Imposing a CMP Against
             Omega Knight and Aviv Hen .................................................................... 19

IV.  CONCLUSION ........................................................................................................ 20

## **TABLE OF AUTHORITIES**

### **CASES**

*Abercrombie & Fitch Trading Co. v. Abercrombieclassic.com*,
  2016 WL 3369529 (S.D. Fla. Apr. 12, 2016) ............................................................ 2, 3, 13, 15

*Bonner v. City of Prichard*,
  661 F.2d 1206 (11th Cir. 1981) ............................................................................................... 16

*Buchanan v. Bowman*,
  820 F.2d 359 (11th Cir. 1987) ................................................................................................... 3

*CFTC v. Altamont Global Partners, LLC*,
  2014 WL 644693 (M.D. Fla. Feb. 19, 2014) ........................................................................... 16

*CFTC v. Am. Bd. of Trade, Inc.*,
  803 F.2d 1242 (2d Cir. 1986) .................................................................................................. 16

*CFTC v. Am. Metals Exch. Corp.*,
  991 F.2d 71 (3d Cir. 1993) ...................................................................................................... 18

*CFTC v. Crown Colony Options, Ltd.*,
  434 F. Supp. 911 (S.D.N.Y. 1977) .......................................................................................... 16

*CFTC v. Driver*,
  877 F. Supp. 2d 968 (C.D. Cal. 2012) ..................................................................................... 11

*CFTC v. Global Precious Metals Trading Co.*,
  2013 WL 5212237 (S.D. Fla. Sept. 12, 2013) ........................................................................... 7

*CFTC v. Gutterman*,
  2012 WL 2413082 (S.D. Fla. June 26, 2012) .................................................................... 15, 18

*CFTC v. Hunter Wise Commodities, LLC*,
  1 F. Supp. 3d 1311 (S.D. Fla. 2014) ....................................................................................... 12

*CFTC v. Hunter Wise Commodities, LLC*,
  21 F. Supp. 3d 1317 (S.D. Fla. 2014) ................................................................................ Passim

*CFTC v. Kelly*,
  736 F. Supp. 2d 801 (S.D.N.Y. 2010) ..................................................................................... 16

*CFTC v. Kraft Foods Grp., Inc.*,
  153 F. Supp. 3d 996 (N.D. Ill. 2015) ..................................................................................... 6, 9

*CFTC v. Kratville*,
796 F.3d 873 (8th Cir. 2015)................................................................... 7

*CFTC v. Leben*,
2016 WL 7354359 (D.S.C. Aug. 5, 2016) ............................................... 7

*CFTC v. Levy*,
541 F.3d 1102 (11th Cir. 2008).......................................................... 19, 20

*CFTC v. Mark Olsen Mining Co.*,
2019 WL 1996126 (S.D. Fla. Feb. 22, 2019)......................................... 20

*CFTC v. Muller*,
570 F.2d 1296 (5th Cir. 1978)................................................................ 16

*CFTC v. Noble Wealth Data Info. Servs.*,
90 F. Supp. 2d 676 (D. Md. 2000) ......................................................... 17

*CFTC v. Oakmont Fin., Inc.*,
2017 WL 9963325 (S.D. Fla. Jan. 19, 2017) .............................. 3, 14, 15

*CFTC v. R.J. Fitzgerald & Co.*,
310 F.3d 1321 (11th Cir. 2002)........................................... 7, 9, 11, 14

*CFTC v. S. Trust Metals, Inc.*,
2016 WL 4523851 (S.D. Fla. Aug. 29, 2016), *aff'd in relevant part*, 880 F.3d 1252
(11th Cir. 2018)................................................................... 10, 11

*CFTC v. Schafer*,
1997 WL 33547409 (S.D. Tex. Dec. 23, 1997) ..................................... 11

*CFTC v. Smithers*,
2013 WL 4851684 (S.D. Fla. July 31, 2013) ........................................... 7

*CFTC v. U.S. Metals Depository Co.*,
468 F. Supp. 1149 (S.D.N.Y. 1979)....................................................... 16

*CFTC v. Wilshire Inv. Mgmt. Corp.*,
531 F.3d 1339 (11th Cir. 2008).............................................. 17, 18, 20

*Clayton Brokerage Co. of St. Louis Inc. v. CFTC*,
794 F.2d 573 (11th Cir. 1986)................................................................ 15

*Drexel Burnham Lambert Inc. v. CFTC*,
850 F.2d 742 (D.C. Cir. 1988) ................................................................. 9

*Grippo v. Perazzo,*
  357 F.3d 1218 (11th Cir. 2004) ................................................................. 8

*Lawrence v. CFTC,*
  759 F.2d 767 (9th Cir. 1985) ................................................................... 9

*PetMed Express, Inc. v. MedPets.com, Inc.,*
  336 F. Supp. 2d 1213 (S.D. Fla. 2004) ..................................................... 3

*SEC v. Hasho,*
  784 F. Supp. 1059 (S.D.N.Y. 1992) .......................................................... 8

*SEC v. Mgmt. Dynamics, Inc.,*
  515 F.2d 801 (2d Cir. 1975) .................................................................... 16

*SEC v. Smyth,*
  420 F.3d 1225 (11th Cir. 2005) ................................................................ 3

*SEC v. Zandford,*
  535 U.S. 813 (2002) ................................................................................. 8

*United States v. Swartout,*
  293 F. Supp. 3d 1377 (S.D. Fla. 2018) ..................................................... 3

## COMMISSION DECISIONS

*In re First Nat'l Trading Corp.,*
  1994 WL 378010 (July 20, 1994) ............................................................. 13

## STATUTES

7 U.S.C. § 1a(9) (2012) ............................................................................... 8

7 U.S.C. § 1a(18) (2012) ............................................................................. 5

7 U.S.C. § 1a(28) (2012) ........................................................................... 12

7 U.S.C. § 1a(30) (2012) ............................................................................. 8

7 U.S.C. § 2(a)(1)(B) (2012) ..................................................................... 15

7 U.S.C. § 2(c)(2)(D)(i) (2012) ............................................................ 4, 12

7 U.S.C. § 2(c)(2)(D)(iii) (2012) ....................................................... 4, 5, 11

7 U.S.C. § 6(a) (2012) ................................................................ 4, 5, 14, 15, 20

7 U.S.C. § 6b (2012) ............................................................................................. 4, 12

7 U.S.C. § 6b(a)(2) (2012) ..................................................................................... 11, 20

7 U.S.C. § 6b(a)(2)(A)-(C) (2012) ........................................................... 10, 11, 12, 14, 15

7 U.S.C. § 6d(a)(1) (2012) .................................................................................. 12, 14, 15

7 U.S.C. § 9(1) (2012) .............................................................................................. Passim

7 U.S.C. 13a-1(a) (2012) ............................................................................................ 4, 16

7 U.S.C. § 13a-1(b) (2012) ............................................................................................. 16

7 U.S.C. § 13a-1(d) (2012) ............................................................................................. 18

7 U.S.C. 13a-1(d)(1)(A) (2012) ................................................................................. 19, 20

7 U.S.C. 13a-1(d)(3)(B) (2012) ..................................................................................... 18

7 U.S.C. § 13a-1(e) (2012) ............................................................................................... 4

7 U.S.C. § 13c(b) (2012) .......................................................................................... 13, 14

15 U.S.C. § 78j(b) (2012) ...................................................................................... 6, 8, 9

28 U.S.C. § 1331 (2012) .................................................................................................. 3

28 U.S.C. § 1345 (2012) .................................................................................................. 3

**RULES**

Federal Rule of Civil Procedure 55 .......................................................................... 1, 2, 3

**REGULATIONS**

17 C.F.R. § 1.2 (2018) ................................................................................................... 15

17 C.F.R. § 143.8(a)(4)(ii)(B) (2018) ...................................................................... 19, 20

17 C.F.R. § 180.1(a) (2018) .................................................................................... Passim

17 C.F.R. § 240.10B-5 (2018) ............................................................................... 6, 8, 9

Pursuant to this Court's Orders of August 17, 2018 (ECF No. 16) and July 29, 2019 (ECF No. 35), Federal Rule of Civil Procedure 55(b), and Local Civil Rule 7.1, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully moves the Court to enter a default final judgment against Defendants Omega Knight 2, LLC ("Omega Knight") and Aviv Michael Hen ("Aviv Hen") and to issue a final order in the form of the proposed order filed contemporaneously with this Motion.[1]

## I.   **BACKGROUND**

On June 13, 2018, the Commission filed its Complaint for Injunctive and Other Equitable Relief, Restitution, and Civil Monetary Penalties Under the Commodity Exchange Act and Commission Regulations ("Complaint") against Defendants Omega Knight, Aviv Hen, and Erez Hen ("Eric Hen") (collectively, Defendants).  (ECF No. 1.)[2]

The Complaint alleges that from March 2013 and continuing through at least June 2017 (the "Relevant Period"), Omega Knight, by and through its owner, employees, and agents, including Aviv Hen and Eric Hen, engaged in a scheme to defraud customers located throughout the United States in connection with precious metals transactions.  (Compl. ¶ 1.)[3]  Defendants made numerous false statements to induce customers to enter into leveraged and fully-paid

---

[1] In accordance with Local Civ. R. 7.1(a), the Commission has incorporated herein its Memorandum of Law in Support of this Motion.  Consistent with the Court's August 17, 2018 Order, the Commission has submitted a declaration supporting its request for disgorgement of ill-gotten gains by Omega Knight and Aviv Hen.

[2] On July 17, 2019, this Court entered the Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief Against Defendant Erez Hen ("Consent Order") that fully resolved and settled all claims against Eric Hen in the Complaint. (ECF No. 34.)

[3] The Commission incorporates by reference all well-pleaded facts in the Complaint.  *See also* Section II, *infra*.  Additionally, for brevity's sake, all cites to the Complaint are referenced to the specific Complaint paragraph number only, *e.g.*, "¶ 5" refers to Compl. ¶ 5.

precious metals transactions, and Defendants received at least $5.5 million from at least 90 customers in connection with these transactions. (¶ 3.)

The Complaint alleges that Defendants' leveraged precious metals transactions never resulted in actual delivery of the full amount of metal purchased to customers. (¶ 4.) In addition, Defendants used only part of the total funds collected from customers to purchase precious metals for those customers' fully-paid precious metals transactions. (*Id.*) Instead, Defendants misappropriated customer funds to pay personal expenses, to distribute purported "profits" and disbursements to other customers, and to fund Omega Knight's operations. (¶ 5.) Through the issuance of false trade confirmations and account statements and other communications to customers, Defendants concealed their misappropriation and fraudulent scheme. (¶ 6.)

Additionally, the Complaint alleges that Defendants' leveraged precious metals transactions constituted illegal, off-exchange retail commodity transactions. (¶ 7.) As part of Defendants' scam, Omega Knight acted as an unregistered futures commission merchant ("FCM") by engaging in these transactions without being registered as required by law. (*Id.*)

The Complaint seeks to enjoin Defendants' unlawful acts and practices, to compel their compliance with the Act, and to further enjoin them from engaging in certain commodity-related activities. (¶ 11.) In addition, the Complaint seeks disgorgement, a civil monetary penalty ("CMP"), restitution, and other remedial ancillary relief. (¶ 12.)

## II.    ARGUMENT

### A.    Omega Knight and Aviv Hen's Failure to Answer Warrants Entry of Default Final Judgment

As this Court has explained, under Fed. R. Civ. P. 55(b) a court may "enter a final judgment of default against a party who has failed to plead in response to a complaint." *Abercrombie & Fitch Trading Co. v. Abercrombieclassic.com*, No. 15-62579-CIV, 2016 WL

3369529, at *3 (S.D. Fla. Apr. 12, 2016); *see also United States v. Swartout*, 293 F. Supp. 3d 1377, 1378 (S.D. Fla. 2018). "The entry of default constitutes an admission . . . [to] the well-pleaded allegations in the Complaint." *Abercrombie,* 2016 WL 3369529, at *3. Granting a motion for default judgment lies within a district court's sound discretion. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Aviv Hen and Omega Knight were properly served with the Complaint and Summons on June 27, 2018 and June 28, 2018, respectively. (ECF Nos. 6, 9.) They failed to respond to the Complaint. Pursuant to the Court's August 8, 2018 Order (ECF No. 12) and Fed. R. Civ. P. 55(a), the Commission submitted applications for a Clerk's entry of default against Omega Knight (ECF No. 13) and Aviv Hen (ECF No. 14). On August 16, 2018, the Clerk of the Court entered a default against Omega Knight and Aviv Hen. (ECF No. 15.) Consequently, Omega Knight and Aviv Hen have admitted to all of the well-pleaded allegations in the Complaint. *See Swartout*, 293 F. Supp. 3d at 1378; *Abercrombie,* 2016 WL 3369529, at *3.

Where the well-pleaded facts of the complaint establish liability, the Court must determine the appropriate amount of damages. *See Swartout,* 293 F. Supp. 3d at 1378; *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all essential evidence of damages is on record, no evidentiary hearing is required. *CFTC v. Oakmont Fin., Inc.,* No. 16-80055-CIV, 2017 WL 9963325, *2 (S.D. Fla. Jan. 19, 2017); *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

**B.      Jurisdiction and Venue**

This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency

expressly authorized to sue by Act of Congress).  In addition, Section 6c(a) of the Act, 7 U.S.C. §13a-1(a) (2012), provides that district courts have jurisdiction to hear actions brought by the Commission.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because Omega Knight and Aviv Hen transacted business in the Southern District of Florida, and certain transactions, acts, and practices alleged in this Complaint occurred within this District.

**C.**     **The Well-Pleaded Facts of the Complaint Establish that Omega Knight and Aviv Hen Violated the Commodity Exchange Act**

**1.**     **Omega Knight and Aviv Hen Violated Section 4(a) of the Act, 7 U.S.C. § 6(a) (2012) (Count III):  Illegal Off-Exchange Transactions**

Section 2(c)(2)(D)(i) of the Act, 7 U.S.C. § 2(c)(2)(D)(i) (2012), applies certain provisions of the Act to "any agreement, contract, or transaction in any commodity" that is entered into with, or offered to, a non-eligible contract participant "on a leveraged or margined basis, or financed by the offeror, the counterparty, or a person acting in concert with the offeror or counterparty on a similar basis" (the aforementioned "leveraged precious metals transactions" or "retail commodity transactions"), subject to certain exceptions not applicable here.  Section 2(c)(2)(D)(iii) of the Act, 7 U.S.C. § 2(c)(2)(D)(iii) (2012), is an enabling provision, making Sections 4(a) and 4b of the Act, 7 U.S.C. §§ 6(a) and 6b (2012), applicable to retail commodity transactions "as if" such transactions are contracts of sale of a commodity for future delivery.

During the Relevant Period, the retail commodity transactions described in the Complaint were offered and entered into by Omega Knight and Aviv Hen: (a) on a leveraged or margined basis, or financed by the offeror, the counterparty, or a person acting in concert with the offeror or counterparty on a similar basis; (b) with persons who are not eligible contract

4

participants ("ECPs") or eligible commercial entities as defined in Section 1a(18) of the Act, 7 U.S.C. § 1a(18) (2012); and (c) without being made or conducted on, or subject to, the rules of any board of trade, exchange, or contract market.  (¶¶ 25-26, 31, 140.)  Pursuant to Section 2(c)(2)(D)(iii) of the Act, 7 U.S.C. § 2(c)(2)(D)(iii) (2012), the retail commodity transactions alleged herein are subject to Section 4(a) of the Act, 7 U.S.C. § 6(a) (2012), as if they are contracts of sale of a commodity for future delivery.  (¶ 141.)

During the Relevant Period, Omega Knight and Aviv Hen violated Section 4(a) of the Act by offering to enter into, entering into, executing, confirming the execution of, or conducting an office or business in the United States for the purpose of soliciting or accepting orders for, or otherwise dealing in, any transaction in, or in connection with, retail commodity transactions.  (¶ 142.)  Each act of offering to enter into, executing, confirming the execution of, soliciting, or accepting an order for a retail commodity transaction with a non-ECP customer and conducting an office or business in the United States for that purpose during the Relevant Period was alleged in the Complaint as a separate and distinct violation of Section 4(a) of the Act.  (¶ 143.)

## 2.     Omega Knight and Aviv Hen Violated Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2018) (Count I): Fraud in Connection with Sales of Commodities in Interstate Commerce

Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012) makes it unlawful for any person "to use or employ, or attempt to use or employ, in connection with . . . a contract of sale of any commodity in interstate commerce . . . any manipulative or deceptive device or contrivance, in contravention of such rules and regulations as the Commission shall promulgate[.]"  Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2018), in relevant part, makes it unlawful for any person, in connection with a contract of sale of any commodity in interstate commerce, "to intentionally or recklessly: (1) Use or employ, or attempt to use or employ, any manipulative device, scheme, or

artifice to defraud[.]"  When interpreting Section 6(c)(1) of the Act and Regulation 180.1(a), federal courts often apply cases analyzing Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) (2012), and SEC Rule 10b-5, 17 C.F.R. § 240.10B-5 (2018).  *See, e.g.*, *CFTC v. Kraft Foods Grp., Inc.*, 153 F. Supp. 3d 996, 1008-09 (N.D. Ill. 2015) (using precedent under Section 10(b) of the Exchange Act and SEC Rule 10b-5 as guidance for interpreting Section 6(c)(1) and Regulation 180.1(a)); *CFTC v. Hunter Wise Commodities, LLC*, 21 F. Supp. 3d 1317, 1346-47 (S.D. Fla. 2014) (same).

Accordingly, to prove a violation of Section 6(c)(1) and Regulation 180.1(a), the Commission must show that Omega Knight and Aviv Hen: (1) engaged in unlawful conduct (*i.e.*, made material misrepresentations or materially misleading omissions, issued false statements, or misappropriated customer funds); (2) in connection with the sale of a commodity in interstate commerce; (3) with scienter.  *Hunter Wise*, 21 F. Supp. 3d at 1347 (discussing elements required to prove a violation of Section 6(c)(1) of the Act).  The well-pleaded facts of the Complaint satisfy each of these three requirements.

*First,* as the Complaint alleges, Omega Knight and Aviv Hen solicited and fraudulently induced customers to engage in fully-paid and leveraged precious metals transactions by misrepresenting their trading experience and expertise and making false representations regarding potential profits.  (¶¶ 3, 42, 52, 66.)  Omega Knight and Aviv Hen failed to disclose that they only used a portion of customer funds to actually purchase precious metals and misappropriated the remainder.  (¶¶ 4, 123-24.)  Additionally, Omega Knight and Aviv Hen misappropriated customer funds to pay personal expenses, distribute purported "profits" and disbursements to other customers, and fund Omega Knight's operations.  (¶¶ 5, 32-33, 54, 63.) Through the issuance of false trade confirmations and account statements, and other

6

communications to customers, Omega Knight and Aviv Hen concealed their misappropriation and fraudulent scheme.  (¶¶ 6, 33, 53, 123-24.)

Omega Knight and Aviv Hen's misrepresentations and misleading omissions were material and violated Regulation 180.1(a).  A statement or omitted fact is material if a reasonable investor would consider it important in making a decision to invest.  *CFTC v. R.J. Fitzgerald & Co.*, 310 F.3d 1321, 1328-29 (11th Cir. 2002).   Indeed, any fact that enables customers to independently assess the risk inherent in their investment, and the likelihood of profit, is a *material* fact.  *See CFTC v. Kratville*, 796 F.3d 873, 895 (8th Cir. 2015) (misrepresentations related to profit potential and risk are material).  Omega Knight and Aviv Hen's misrepresentations were material because a reasonable prospective investor would consider it important that Omega Knight and Aviv Hen failed to purchase all of the metal paid for, by their customers, and that Omega Knight's account statements were false.  *See CFTC v. Global Precious Metals Trading Co.*, No. 1:13-cv-21708, 2013 WL 5212237, at *5 (S.D. Fla. Sept. 12, 2013) (defendant violated Section 6(c)(1) and Regulation 180.1(a) by misappropriating funds and making misrepresentations in connection with the sale of precious metals).

Moreover, Omega Knight and Aviv Hen's misappropriation of customer funds violated Section 6(c)(1) of the Act and Regulation 180.1(a).  *See Global Precious Metals,* 2013 WL 5212237, at *5; *CFTC v. Smithers*, No. 9:12-cv-81165-KAM, 2013 WL 4851684, at *7-8 (S.D. Fla. July 31, 2013) (finding that defendant violated Section 6(c)(1) of the Act and Regulation 180.1(a) by, among other things, misappropriating customer funds intended for physical precious metals purchases); *CFTC v. Leben*, No. 3:14-cv-866-TLW, 2016 WL 7354359, at *5 (D.S.C. Aug. 5, 2016) (granting summary judgment and holding that defendant violated Section 6(c)(1)

of the Act and Regulation 180.1(a) by, among other things, misappropriating investor funds for personal use).

*Second*, the well-pleaded allegations in the Complaint establish that Omega Knight and Aviv Hen's unlawful conduct occurred in connection with sales of commodities in interstate commerce.  In the context of Section 10(b) of the Exchange Act and SEC Rule 10b-5, and, consequently, under Section 6(c)(1) of the Act and Regulation 180.1(a), the "in connection with" requirement is satisfied where the purchase or sale of securities and the fraud are "not independent events." *SEC v. Zandford*, 535 U.S. 813, 819-21 (2002); *see also Grippo v. Perazzo*, 357 F.3d 1218, 1223-24 (11th Cir. 2004) (accord).  The "in connection with" requirement is construed broadly; that is, courts are inclined to consider fraudulent acts precipitating the purchases of commodities as connected.  *See Hunter Wise*, 21 F. Supp. 3d at 1346-47; *see also SEC v. Hasho*, 784 F. Supp. 1059, 1106 (S.D.N.Y. 1992).

Omega Knight and Aviv Hen's unlawful conduct in furtherance of their fraudulent scheme, as alleged in the Complaint, occurred in connection with sales of commodities in interstate commerce.  The precious metals discussed in the Complaint are commodities, as defined by Section 1a(9) of the Act, 7 U.S.C. § 1a(9) (2012), in interstate commerce, as defined by Section 1a(30) of the Act, 7 U.S.C. § 1a(30) (2012).  (¶¶ 119-20.)  Defendants made numerous false statements to induce customers to enter into leveraged and fully-paid precious metals transactions, and Omega Knight and Aviv Hen received at least $5.5 million from at least 90 customers in connection with these transactions that constituted sales of commodities in interstate commerce.  (¶ 3.)  As part of their scheme to defraud customers in connection with precious metals transactions, Omega Knight and Aviv Hen used the mails or other instrumentalities of interstate commerce to: (1) receive checks from customers; (2) disseminate

8

investment solicitations via e-mail to customers; and (3) disseminate false account statements to customers.  (¶ 125.)

*Third*, the well-pleaded allegations of the Complaint establish that Omega Knight and Aviv Hen acted with scienter.  To prove scienter, the Commission must show that Omega Knight and Aviv Hen's conduct was either intentional or reckless—a standard that is satisfied when a defendant "intended to defraud, manipulate, or deceive, or if [a] [d]efendant's conduct represents an extreme departure from the standards of ordinary care."  *R.J. Fitzgerald*, 310 F.3d at 1328 (discussing the scienter element in the context of analogous Section 4b(a)(2) claims); *see also Kraft Foods Grp.*, 153 F. Supp. 3d at 1015 (discussing the scienter element in the context of fraud claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5 and adopting this scienter standard for analogous Section 6(c)(1) and Regulation 180.1(a) claims).

To prove that Omega Knight and Aviv Hen's conduct is intentional, the Commission must demonstrate that it is "intentional as opposed to accidental."  *Lawrence v. CFTC*, 759 F.2d 767, 773 (9th Cir. 1985).  To prove that Omega Knight and Aviv Hen's conduct is reckless, the Commission must show that it "departs so far from the standards of ordinary care that it is very difficult to believe the [actor] was not aware of what he was doing."  *Drexel Burnham Lambert Inc. v. CFTC*, 850 F.2d 742, 748 (D.C. Cir. 1988) (internal quotation marks omitted).

The scienter requirement can be satisfied when conduct: (1) involves highly unreasonable omissions or misrepresentations; (2) presenting a danger of misleading retail customers; and (3) is either known to a defendant or so obvious that a defendant must have been aware of it. *Hunter Wise*, 21 F. Supp. 3d at 1339 (internal quotation marks and citation omitted) (defendants acted recklessly and intentionally to deceive and defraud retail customers in context of Section 4b(a)(2) violations).  This same scienter standard applies to prove a violation of Section 6(c)(1)

9

of the Act and Regulation 180.1(a).  *See CFTC v. S. Trust Metals, Inc.*, No. 1:14-CV-22739,

2016 WL 4523851, at *5, *7 (S.D. Fla. Aug. 29, 2016), *aff'd in relevant part*, 880 F.3d 1252

(11th Cir. 2018).

      The well-pleaded allegations in the Complaint show that Omega Knight and Aviv Hen

acted knowingly, or at the very least, with reckless disregard for the truth.  Aviv Hen was a

signatory to, opened, and controlled Omega Knight's bank accounts and he managed Omega

Knight's day-to-day operations.  (¶¶ 18, 43.)  Aviv Hen knew that he and Omega Knight used

only part of the total funds collected from customers to purchase precious metals and he failed to

disclose this fact.  (¶¶ 9, 91, 102, 124.)  Instead, Aviv Hen misappropriated Omega Knight

customer funds.  (¶¶ 54-56, 93-100.)  Omega Knight and Aviv Hen issued false trade

confirmations, account statements, and other communications that mispresented the value of

Omega Knight customers' precious metals investments, and accordingly, concealed Omega

Knight and Aviv Hen's misappropriation of customer funds.  (¶¶ 6, 9, 33, 70, 74, 80, 110.)  As

explained above, Aviv Hen knew these statements were false.  Therefore, Omega Knight and

Aviv Hen acted with the requisite scienter.  Thus, they violated Section 6(c)(1) of the Act and

Regulation 180.1(a).

    **3.**    **Omega Knight and Aviv Hen Violated 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. §**
             **6b(a)(2)(A)-(C) (2012) (Count II):  Fraud in Connection with Illegal Off-**
             **Exchange Transactions**

      Omega Knight and Aviv Hen also violated Section 4b(a)(2)(A)-(C) of the Act in

connection with their aforementioned retail commodity transactions.  (¶ 134.)  Section

4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C) (2012), in relevant part, makes it unlawful

for any person, in or in connection with any order to make, or the making of, any contract of sale

of any commodity for future delivery that is made, or to be made, for or on behalf of, or with any

10

other person, other than on or subject to the rules of a designated contract market: (A) to cheat or

defraud or attempt to cheat or defraud the other person; (B) willfully to make or cause to be

made to the other person any false report or statement, or willfully to enter or cause to be entered

for the other person any false record; or (C) willfully to deceive or attempt to deceive the other

person by any means whatsoever in regard to any order or contract or the disposition or

execution of any order or contract, or in regard to any act of agency performed, with respect to

any order or contract for, on behalf of, or with the other person.

The same fraudulent conduct set forth in the Complaint that violates Section 6(c)(1) of

the Act and Regulation 180.1(a)—also violates Section 4b(a)(2).  *See S. Trust Metals*, 2016 WL

4523851, at \*5-7, \*12; *Hunter Wise*, 21 F. Supp. 3d at 1346-48 (same).  Accordingly, to

establish that Omega Knight and Aviv Hen violated Section 4b(a)(2)(A)-(C) through

misrepresentations, omissions, false statements, and misappropriation, the Commission must

prove that: (1) a misrepresentation, omission, false statement, or misappropriation was made;

(2) with scienter; and (3) the misrepresentation, omission, false statement, or misappropriation

was material.  *See R.J. Fitzgerald*, 310 F.3d at 1328-30; *CFTC v. Driver*, 877 F. Supp. 2d 968,

977-78 (C.D. Cal. 2012); *CFTC v. Schafer*, No. Civ.A. H-96-1213, 1997 WL 33547409, at \*4-7

(S.D. Tex. Dec. 23, 1997).  For all the factual reasons delineated above in reference to violations

of Section 6(c)(1) and Regulation 180.1(a) (*see* Section C(2) at 5, *supra*), Omega Knight and

Aviv Hen also violated Section 4b(a)(2)(A)-(C).

While Section 6(c)(1) of the Act and Regulation 180.1(a) apply broadly to sales of any

commodity "in interstate commerce," Section 4b(a)(2) of the Act only applies to contracts of sale

of any commodity "for future delivery."  Pursuant to Section 2(c)(2)(D)(iii) of the Act, 7 U.S.C.

§ 2(c)(2)(D)(iii) (2012), the retail commodity transactions alleged in the Complaint are subject to

11

Section 4b of the Act, 7 U.S.C. § 6b (2012), as if they are contracts of sale of a commodity for future delivery.  (¶ 132.)  As such, Omega Knight and Aviv Hen's violations of Section 4b(a)(2)(A)-(C) of the Act alleged in the Complaint apply to their unlawful conduct in connection with leveraged precious metals transactions.  (¶ 134.)  Thus, they violated Section 4b(a)(2)(A)-(C) of the Act.

### 4. Omega Knight Violated Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(a)(1) (2012) (Count IV):  Failure to Register as a Futures Commission Merchant

In pertinent part, Section 1a(28) of the Act, 7 U.S.C. § 1a(28) (2012), defines a futures commission merchant ("FCM") as "an individual, association, partnership, corporation, or trust . . . engaged in soliciting or in accepting orders for . . . any agreement, contract, or transaction described in . . . section 2(c)(2)(D)(i) [of the Act]; and accepts any money, securities, or property (or extends credit in lieu thereof) to margin, guarantee, or secure any trades or contracts that result or may result therefrom."  (¶ 29.)  Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(a)(1) (2012), provides that it shall be unlawful for any person to be an FCM unless such person is registered with the Commission in that capacity.  (¶ 148.)

During the Relevant Period, Omega Knight, through its managers, employees, and agents, acted as an FCM by soliciting and accepting orders for agreements, contracts, or transactions described in Section 2(c)(2)(D)(i) of the Act, 7 U.S.C. § 2(c)(2)(D)(i) (2012) (the aforementioned retail commodity transactions), and, in or in connection with those transactions, accepting funds from customers.  (¶ 147.)  Omega Knight failed to register with the Commission as an FCM, and therefore violated Section 4d(a)(1) of the Act.  (¶ 149.)  *See CFTC v. Hunter Wise Commodities, LLC*, 1 F. Supp. 3d 1311, 1325 (S.D. Fla. 2014).

### 5. Aviv Hen Is Liable for Omega Knight's Violations

Taken as true, the well-pleaded allegations of the Complaint establish that Aviv Hen is liable for Omega Knight's violations as a controlling person. "The entry of default constitutes an admission . . . [to] the well-pleaded allegations in the Complaint." *Abercrombie,* 2016 WL 3369529, at *3. Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012), provides, in relevant part provides that any person who, directly or indirectly, controls any person who has violated any provision of the Act or Regulations may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person. The fundamental purpose of this controlling person liability provision of the Act is "to reach behind the corporate entity to the controlling individuals of the corporation and to impose liability for violations of the Act directly on such individuals as well as on the corporation itself." *Hunter Wise*, 21 F. Supp. 3d at 1350 (quotations omitted).

To establish controlling-person liability under Section 13(b) of the Act, the Commission must show both (1) control; and (2) lack of good faith or knowing inducement of the acts constituting the violation. *Id.*; *In re First Nat'l Trading Corp.*, CFTC Nos. 90-28 and 92-17, 1994 WL 378010, at *11 (July 20, 1994).

To establish the first element, control, the Commission must show that a defendant controlling-person possessed "general control" over the operation of the entity principally liable. *Hunter Wise*, 21 F. Supp. 3d at 1350. Evidence that a defendant controlling-person is an owner, officer, principal, or the authorized signatory on the company's bank accounts indicates general control. *Id.* Aviv Hen, at all relevant times, was an owner and principal of Omega Knight. (¶ 18.) Aviv Hen was a signatory to, opened, and controlled Omega Knight's bank accounts and managed the day-to-day operations of Omega Knight. (¶ 43.) As such, Aviv Hen had general control over Omega Knight.

To establish the second element of controlling-person liability, the Commission must show that a defendant controlling-person lacked good faith or knowingly induced the conduct constituting the violations at issue. *R.J. Fitzgerald*, 310 F.3d at 1334; *Hunter Wise*, 21 F. Supp. 3d at 1350.  The Commission may therefore meet the required second element by establishing that "the controlling person had actual or constructive knowledge of the core activities that make up the violation at issue and allowed them to continue." *Id.* (citations omitted).  Aviv Hen entered into agreements with precious metals refineries on behalf of Omega Knight that enabled it to solicit and accept orders for leveraged and fully-paid precious metals transactions, thereby facilitating its fraudulent scheme.  (¶¶ 43, 45-47, 88-90.)  Aviv Hen communicated with precious metals refineries on behalf of Omega Knight in connection with Omega Knight's operations and customer transactions.  (¶ 43.)  He knew that Omega Knight did not actually deliver, or in some instances purchase or store, the full amount of physical precious metals for its customers.  (¶¶ 43, 48-53, 91-93.)  He also misappropriated customer funds in the Omega Knight bank accounts that he opened and controlled.  (¶¶ 54-55, 93-95.)  As such, Aviv Hen had actual knowledge of the conduct constituting Omega Knight's violations of the Act and Regulations as alleged in the Complaint, and both allowed and helped it to continue.

Because Aviv Hen controlled Omega Knight and knowingly induced the acts constituting its violations of the Act and Regulations, pursuant to Section 13(b) of the Act, Aviv Hen is liable as a controlling person for each of Omega Knight's violations of violations of Sections 4(a), 4b(a)(2)(A)-(C), 4d(a)(1), and 6(c)(1) of the Act and Regulation 180.1(a) as alleged in the Complaint.  (¶¶ 43, 129, 137, 144, 150.)  *See Hunter Wise*, 21 F. Supp. 3d at 1350-51; *Oakmont Fin.,* 2017 WL 9963325, at *5.

**6.      Omega Knight Is Liable for Its Agents' Violations**

14

Taken as true, the well-pleaded allegations of the Complaint establish that Omega Knight is liable for the violations of its employees or agents, including Aviv Hen and Eric Hen. "The entry of default constitutes an admission . . . [to] the well-pleaded allegations in the Complaint." *Abercrombie,* 2016 WL 3369529, at *3.  Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), along with Regulation 1.2, 17 C.F.R. § 1.2 (2018), imposes strict liability upon principals for the actions of their agents acting within the scope of their employment.  *See Clayton Brokerage Co. of St. Louis Inc. v. CFTC*, 794 F.2d 573, 581 (11th Cir. 1986); *CFTC v. Gutterman*, No. 12-21047-CIV, 2012 WL 2413082, at *7 (S.D. Fla. June 26, 2012).

Because the acts, omissions, and failures of Aviv Hen, Eric Hen, and other employees and agents of Omega Knight as described in the Complaint occurred within the scope of their employment, agency, or office with Omega Knight (¶¶ 130, 138, 145, 151), pursuant to Section 2(a)(1)(B) of the Act and Regulation 1.2, Omega Knight is liable as a principal for each act, omission, and failure of Aviv Hen, Eric Hen, and Omega Knight's other employees and agents constituting violations of Sections 4(a), 4b(a)(2)(A)-(C), 4d(a)(1), and 6(c)(1) of the Act and Regulation 180.1(a).  *See Oakmont Fin.*, 2017 WL 9963325, at *5 (finding the corporate entity defendant liable for its employees' violations of the Act).

### III.   RELIEF REQUESTED

#### A.   The Complaint's Well-Pleaded Allegations Warrant Entry of a Permanent Injunction Against Omega Knight and Aviv Hen

The well-pleaded allegations of the Complaint warrant a permanent injunction against Omega Knight and Aviv Hen that prohibits them from registering with the Commission and participating in the markets regulated by the Commission.  The Commission may seek permanent injunctive relief "[w]henever it shall appear to the Commission that any . . . person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of

any provision of this [Act] or any rule, regulation, or order thereunder[.]"  Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012).  Section 6c(b) of the Act, 7 U.S.C. §13a-1(b) (2012), provides in pertinent part that "[u]pon a proper showing, a permanent  injunction . . . shall be granted without bond."  Unlike private actions for equitable relief, a Commission action for injunctive relief is a creature of statute.  "In actions for a statutory injunction, the agency need not prove irreparable injury or the inadequacy of other remedies as required in private injunctive suits." *CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978).[4]  The Commission need only show that Omega Knight and Aviv Hen violated the Act and are reasonably likely to commit future violations.  *CFTC v. Am. Bd. of Trade, Inc.*, 803 F.2d 1242, 1250-51 (2d Cir. 1986); *CFTC v. U.S. Metals Depository Co.*, 468 F. Supp. 1149, 1161-62 (S.D.N.Y. 1979).

To obtain a permanent injunction, "the CFTC must show that 'there is a likelihood that, unless enjoined, the violations will continue.'"  *CFTC v. Kelly*, 736 F. Supp. 2d 801, 804 (S.D.N.Y. 2010) (*quoting Am. Bd. of Trade*, 803 F.2d at 1250-51).  "Whether a likelihood of future violations exists depends on the totality of the circumstances."  *CFTC v. Altamont Glob. Partners, LLC*, No. 6:12-cv-1095-Orl-31TBS, 2014 WL 644693, at *10 (M.D. Fla. Feb. 19, 2014).  A district court may infer a likelihood of future violations from a defendant's past unlawful conduct.  *CFTC v. Crown Colony Options, Ltd.*, 434 F. Supp. 911, 919 (S.D.N.Y. 1977).  Further, "past illegal conduct is highly suggestive of the likelihood of future violations." *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975).

Injunctive relief need not be limited to prohibitions against future violations and may include prohibitions against all trading activity—such as the permanent registration and trading

---

[4] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

bans against Omega Knight and Aviv Hen that the Commission seeks here.  *See, e.g., CFTC v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1346-47 (11th Cir. 2008) (upholding district court's permanent injunction prohibiting defendants from "engaging in any commodity-related activity"); *CFTC v. Noble Wealth Data Info. Servs.*, 90 F. Supp. 2d 676, 692 (D. Md. 2000).

Omega Knight and Aviv Hen's scheme to defraud at least 90 customers in connection with precious metals transactions—including their numerous false statements to induce customers to enter into such transactions and their misappropriation of most of the $5.5 million customer funds they received—warrants entry of a permanent injunction, including permanent registration, and trading bans.  Omega Knight and Aviv Hen failed to use all of the customer funds they collected to purchase metal for their customers' precious metals transactions and instead misappropriated customer funds.  (¶¶ 32-33, 54-63, 95-101.)  Through the issuance of false trade confirmations and account statements and other communications to customers, Omega Knight and Aviv Hen concealed their misappropriation and fraudulent scheme.  (¶¶ 3, 6, 33, 42, 45, 67-75, 79, 82, 110, 112.)  Moreover, Omega Knight and Aviv Hen's leveraged precious metals transactions constituted illegal, off-exchange retail commodity transactions. (¶¶ 140-43.)  Notably, Omega Knight and Aviv Hen's leveraged precious metals transactions never resulted in the actual delivery of the full amount of metal purchased by their customers.  (¶ 4.)  As part of Omega Knight and Aviv Hen's scam, Omega Knight acted as an unregistered FCM.  (¶¶ 147-49.)

In light of the serious and pervasive nature of Omega Knight and Aviv Hen's unlawful conduct, permanent injunctive relief against them is appropriate.  The Commission submits that Omega Knight and Aviv Hen should be permanently enjoined by the Court from, among other things as set forth in the attached proposed order: (i) future violations of the Act and Regulations;

17

(ii) applying for registration or claiming an exemption from registration with the Commission; and (iii) trading on or subject to the rules of any registered entity or entering into any transactions involving commodity interests.

**B.      The Complaint's Well-Pleaded Allegations Warrant Imposition of Disgorgement And a Civil Monetary Penalty Against Omega Knight and Aviv Hen**

The unqualified grant of statutory authority to issue an injunction under the Act carries with it the full range of equitable remedies, including disgorgement.  *Wilshire Inv. Mgmt.*, 531 F.3d at 1344 (citations omitted).  In addition, Section 6c(d), 7 U.S.C. § 13a-1(d) (2012), authorizes the imposition of civil monetary penalties for violations of the Act and Regulations.

Where, as here, controlling person liability is established, imposition of joint and several liability is appropriate.  *See Hunter Wise*, 21 F. Supp. 3d at 1350-53.  Likewise, where principal-agent liability is established, imposition of joint and several liability is appropriate.  *See Gutterman*, 2012 WL 2413082, at *7, *9-11.

**1.      The Complaint's Well-Pleaded Allegations Warrant Ordering Disgorgement Against Omega Knight and Aviv Hen**

Section 6c(d)(3)(B) of the Act, 7 U.S.C. § 13a-1(d)(3)(B) (2012), permits the Commission to seek equitable remedies for violations of the Act and Regulations, including "disgorgement of gains received in connection with such violation[s]."  In turn, courts routinely order disgorgement on behalf of defrauded customers.  *See Wilshire Inv. Mgmt.*, 531 F.3d at 1344 (citations omitted); *CFTC v. Am. Metals Exch. Corp.*, 991 F.2d 71, 76 (3d Cir. 1993).

In this case, Omega Knight and Aviv Hen received $6,136,022 from Omega Knight customers in connection with their fraudulent scheme.  (Declaration of Patricia Gomersall in Support of Plaintiff's Motion for an Order of Default Final Judgment, Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendants Omega Knight 2, LLC

18

and Aviv Michael Hen (attached as Ex. 1) ¶ 33.)  Of that amount, Omega Knight made payments from its bank accounts totaling $624,361 to certain customers and used a net total of $1,697,404 to purchase precious metals on behalf of customers.  (Gomersall Decl. ¶ 33.)  The remaining balance of **$3,814,257** (customer funds received *less* any funds returned to customers and any funds used to purchase precious metals) represents Omega Knight and Aviv Hen's ill-gotten gains.

Accordingly, the Court should order Omega Knight and Aviv Hen to pay disgorgement, jointly and severally, in the amount of $3,814,257, plus post-judgment interest, with any funds recovered to be distributed *pro rata* to those Omega Knight customers who received either no payments from Omega Knight bank accounts, or received payments from Omega Knight bank accounts that did not exceed their deposits into Omega Knight bank accounts.[5]

### 2.    The Complaint's Allegations Warrant Imposing a CMP Against Omega Knight and Aviv Hen

In light of the serious and pervasive nature of Omega Knight and Aviv Hen's unlawful conduct as set forth in the well-pleaded allegations in the Complaint, the Commission submits that a substantial CMP is warranted.  Section 6c(d)(1)(A) of the Act, 7 U.S.C. 13a-1(d)(1)(A) (2012), and Regulation 143.8(a)(4)(ii)(B), 17 C.F.R. § 143.8(a)(4)(ii)(B) (2018), together provide that "the Commission may seek and the Court shall have jurisdiction to impose, on a proper showing, on any person found in the action to have committed any violation [of the Act,] a civil penalty in the amount of not more than the greater of $177,501 or *triple the monetary gain to the person* for each violation (emphasis supplied)."  *See also CFTC v. Levy*, 541 F.3d 1102, 1111 (11th Cir. 2008) (noting that "[e]ach material representation and omission . . . is a *separate*

---

[5] Included in Omega Knight and Aviv Hen's disgorgement amount is $275,000 paid to Eric Hen from Omega Knight bank accounts.  The Consent Order requires Eric Hen to pay $275,000 in disgorgement.  (Consent Order ¶ 84.)  Accordingly, the Court should order Omega Knight and Aviv Hen to be jointly and severally liable for Eric Hen's disgorgement obligation, as set forth in the attached proposed order.

and *distinct* violation of [the Act]" for calculating the CMP) (emphasis in original).  In assessing

CMPs, courts "consider[ ] the general seriousness of the violation as well as any particular

mitigating or aggravating circumstances that exist."  *Wilshire Inv. Mgmt.*, 531 F.3d at 1346.

Courts have broad discretion in fashioning an appropriate penalty.  *See Levy*, 541 F.3d at 1112.

     Omega Knight and Aviv Hen engaged in a fraudulent scheme to defraud customers in

connection with precious metals transactions, and received a net amount of $3,814,257 in

connection with these transactions, as explained above.  (Gomersall Decl. ¶ 33.)  The

Commission respectfully requests that this Court order Omega Knight and Aviv Hen to pay a

CMP of $11,442,771, which represents three times the net monetary gain to Omega Knight and

Aviv Hen.  Section 6c(d)(1)(A) of the Act and Regulation 143.8(a)(4)(ii)(B); *see also CFTC v.*

*Mark Olsen Mining Co.*, No. 9:18-cv-80759, 2019 WL 1996126, at *4-5, *8 (S.D. Fla. Feb. 22,

2019) (ordering defendants to pay a CMP of $2,723,460, or three times the gains received in

connection with their violations of 7 U.S.C. §§ 6(a), 6b(a)(2) and 9(1)).  The Commission

submits that such a penalty will suffice to protect the integrity of the markets and to deter others

from engaging in this type of conduct.  However, the Commission recognizes that the

determination of a CMP is ultimately within the sound discretion of the district court.  Section

6c(d)(1)(A) of the Act; *Levy*, 541 F.3d at 1112.

## IV.    CONCLUSION

     For the foregoing reasons, the Court should grant the Commission's Motion and enter a

default final judgment against Omega Knight and Aviv Hen in the form of the attached proposed

order.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the Commission's Motion and

Supporting Memorandum, Declaration of Patricia Gomersall (and its attachments), and Proposed

Order of Default Final Judgment were filed via CM/ECF on August 8, 2019 and served on

counsel and parties of record by the methods indicated on the service list provided below.

*s/ Kassra Goudarzi*
FL Special Bar No. A5502136

## <u>SERVICE LIST</u>

### Case No. 18-22377-CIV-SCOLA (S.D. Fla.)

Kassra Goudarzi
kgoudarzi@cftc.gov
A. Daniel Ullman II
dullman@cftc.gov
Jason T. Wright
j_wright@cftc.gov
COMMODITY FUTURES TRADING
COMMISSION
Division of Enforcement
1155 21st Street, N.W.
Washington D.C. 20581
T:  202-418-5000
F:  202-418-5937
*Attorneys for Plaintiff CFTC*
***Via CM/ECF***

Andrew K. Levi, Esquire
alevi@llmlawfirm.com
LEHR LEVI & MENDEZ, P.A.
1401 Brickell Avenue, Suite 910
Miami, Florida 33131
T: 305-377-1777
F: 305-377-0087
*Attorney for Defendant Erez Hen*
***Via CM/ECF***

Omega Knight 2, LLC
c/o Aviv Hen
24 Pasture Lane
Roslyn Heights, NY 11577
***Via UPS Overnight Delivery***

Aviv Michael Hen
24 Pasture Lane
Roslyn Heights, NY 11577
***Via UPS Overnight Delivery***